[S. F. No. 3660. Department One.—January 28, 1907.]

## TRADERS INSURANCE COMPANY, Appellant, v. AACHEN AND MUNICH FIRE INSURANCE COMPANY, Respondent.

FIRE INSURANCE—REINSURANCE—SURRENDER OF COVERING NOTE AFTER LOSS—MISTAKE—RESCISSION.—An insurance company which had reinsured against part of the risk on one of its policies, and after loss, at the request of the reinsuring company, and under mistake of fact as to the loss, surrendered the covering note of the company, is entitled to rescind the cancellation thereof on account of such mistake, and to recover against the reinsuring company the amount which was actually due therefrom when its covering note was cancelled.

ID.—NATURE OF MISTAKE—UNCONSCIOUS IGNORANCE OF FACT—BELIEF IN NON-EXISTENT FACT.—It is immaterial to the nature of the mistake of fact, under sections 1576 and 1577 of the Civil Code, whether it be considered an "unconscious ignorance" of the fact of loss or a "belief" in the present existence of the property insured.

ID.—RECOVERY FOR MISTAKE NOT INEQUITABLE.—The plaintiff may recover what it has parted with by mistake of fact, where its success would not render a recovery inequitable, nor subject the defendant to any loss which in equity and justice it ought not to suffer.

ID.—INTENT TO SURRENDER UNKNOWN CLAIM NOT IMPUTED—ABSENCE OF EXPRESS UNDERSTANDING.—An intent to surrender an accrued claim, the existence of which was not known, should not be imputed to the plaintiff in the absence of evidence of an express understanding to that effect.

ID.—CLOSED TRANSACTIONS—SUBSEQUENT DEALING WITH ANOTHER COMPANY.—Where the transactions between plaintiff and defendant company had been closed by the loss and the mistaken surrender of its covering note before the second reinsurance was effected in another company, the subsequent dealing by plaintiff with such other company, whatever may be its legal effect, could not destroy the rights thus vested in plaintiff against the defendant.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, for Appellant.

T. C. Van Ness, and Van Ness & Redman, for Respondent.

SLOSS, J.—On the trial of this action the plaintiff had judgment according to the prayer of its complaint. The defendant moved for a new trial on the grounds of errors of law occurring at the trial and insufficiency of the evidence to justify the decision. The motion was granted, and the plaintiff now appeals from the order granting a new trial. It is not claimed by the respondent that the court below made erroneous rulings of law which would justify the making of the order complained of. The facts in the case appear without substantial conflict, and the question before us, therefore, is simply whether upon these facts plaintiff was or was not entitled to judgment.

The plaintiff and defendant are corporations engaged in the business of fire insurance. On the sixteenth day of January, 1901, the plaintiff issued its policy of insurance to the Menan Milling Company, insuring said company in the sum of three thousand dollars from the "16th day of January, 1901, to the 16th day of January, 1902, against loss or damage by fire to a building and grain elevator situated at Menan, Idaho." On January 21, 1901, the plaintiff, desiring to be reinsured in part, offered one thousand dollars of the risk to the defendant, the Aachen and Munich Fire Insurance Company, and that company delivered to plaintiff a "covering note" in the sum of one thousand dollars. This covering note or memorandum contained the following language: "from January 21, 1901 at noon. Insurance under this covering note to cease twenty days from this date at noon, or at such time prior thereto as this company's policy may be issued on above described risk. Dated at San Francisco, January 21, 1901." The plaintiff subsequently sent a formal application for reinsurance to the Aachen and Munich Insurance Company, and this was accepted and signed. On January 25, 1901, the defendant requested the plaintiff to place the reinsurance elsewhere. Thereupon the plaintiff made application to the Norwich Union Fire Insurance Company, which issued a covering note or memorandum which by its terms was to cease "ten days from January 25 at noon, or at such time prior thereto as the policy of this society may be issued on above named risk." On the same day, January 25, 1901, the plain-

tiff returned to the defendant the covering note which it had issued to plaintiff, and the application which plaintiff had made to the defendant was destroyed.

It was subsequently learned that on January 24th, the day before the cancellation, the building and elevator in question had been damaged by fire, causing a loss on account of which plaintiff was obliged to pay, under its policy, the sum of $2,450 to the Menan Milling Company, and it was further obliged to pay $102.45 as necessary expenses of adjustment. At the time when the covering note was surrendered and cancelled neither the plaintiff nor the defendant had any knowledge of the fact that a fire had occurred. On learning this fact, the plaintiff tendered to the defendant the premium for the reinsurance, and demanded payment of $850.82, the proportion of the loss represented by defendant's covering note. On defendant's refusal to accept the tender or to make the payment, this action was commenced, the plaintiff praying that the cancellation of the covering note be set aside, and demanding judgment for $850.82.

The plaintiff contends that, having surrendered the covering note under a mistake of fact, it is entitled to be relieved from this mistake, and to recover from the defendant the amount which was actually due when the covering note was cancelled. Such was the view originally taken by the learned judge of the trial court, but upon motion for a new trial he appears to have come to the opposite conclusion.

We think the result first reached was the right one. On the 25th of January, 1901, when the covering note was surrendered, the defendant was under a fixed liability to the plaintiff amounting to $850.82. The plaintiff, not knowing that such liability had accrued, surrendered it to the defendant in exchange for a release of the obligation to pay a much smaller sum as premium. It goes without saying that the covering note would not have been delivered for cancellation if the plaintiff had been aware that the loss had already occurred. It makes no material difference whether we say that the plaintiff consented to the cancellation in the belief that the insured property had not been burned, or, adopting the language of the respondent, say that the plaintiff acted in ignorance of the fact that a loss had occurred. In either view its consent was given through mistake, and was there-

fore subject to rescission. (Civ. Code, secs. 1566, 1567.) "Mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in: 1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or, 2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." (Civ. Code, sec. 1577.) If the plaintiff did not act under a "belief in the present existence" of the property insured, it was at least in "unconscious ignorance" of the fact that the property had been injured by fire. That the occurrence of a fire destroying or injuring the property insured was a fact material to the contract (i. e. of cancellation) is manifest. There would seem, accordingly, to be no reason why the party who acted under the influence of such mistake should not be permitted to be relieved from the effect of its action, upon offering to place the other party in the position which it occupied before. It is a familiar doctrine that one who has parted with money or property under a mistake of fact may recover what he has parted with, in the absence of circumstances which would render such recovery inequitable as against the defendant. In this case the success of the plaintiff would not subject the defendant to any loss which in equity and justice it ought not to suffer. The sum recovered would be merely the amount which the defendant had, for an adequate consideration, agreed to pay on the occurrence of the event which has actually taken place. The defendant would be deprived of nothing except the right to set up a release of an existing liability given by a creditor who was not aware that any liability existed, and who would not have given the release if it had been aware of the existence of the liability. It is argued the cancellation of the covering note was intended to operate as a surrender of all liability, past as well as future. This is no doubt true, but it does not answer the point that the plaintiff was acting under a mistake of a material fact when it consented to the cancellation. Not knowing that a loss had occurred, it intended and agreed to wipe out all liability, but it would not have so agreed had it known the facts. Plaintiff's application to be relieved from the consequences of its action presupposes that, unless so relieved, the

defendant's liability on the covering note would be absolutely extinguished.

The respondent contends further that while the appellant surrendered the covering note in ignorance of the fact that a loss had occurred, it did so knowing that a loss *might* have occurred. No doubt it was open to the plaintiff to consent to cancel the reinsurance, agreeing at the same time to take the chance of any loss that might have occurred in the meanwhile. "Where parties knowingly predicate a settlement upon uncertain or contingent matters or circumstances, and where the consequent risk which each is to encounter is taken into consideration in the stipulation assented to, the contract will be valid notwithstanding the mistake of one of the parties." (20 Am & Eng Ency. of Law, 2d ed., 815.) This principle is applied in cases where a policy is issued insuring property from a date anterior to the execution of the policy. The insurer is bound to pay a loss occurring between the date fixed for the commencement of the insurance and the actual execution of the policy, although the fact of such loss was not known when the policy was issued. And this stands upon the ground that the risk is one expressly contracted for. (*Commercial Ins. Co.* v. *Hallock*, 27 N. J. L. 645, [72 Am. Dec. 379].) But the facts of the present case do not bring it within this rule. We see no reason why the intent to surrender an accrued claim, the existence of which was not known, should be imputed to the plaintiff in the absence of an express understanding to that effect, and there is nothing here to evidence such understanding. In this respect, as in its main features generally, the case bears a close resemblance to *Riegel* v. *American Life Ins. Co.*, 140 Pa. St. 201, [23 Am. St. Rep. 225, 21 Atl. 392]. There the defendant had issued to Riegel, the plaintiff's intestate, a policy of insurance for six thousand dollars on the life of one Leisenring. Riegel died after paying the premiums for some years. The plaintiff, his widow and administratrix, in order to be relieved from the burden of the annual premiums, surrendered the policy to the company, taking in exchange a paid-up policy for $2,500. In fact, although the fact was not known to either the plaintiff or the company, Leisenring had died before the exchange of policies was made. It was held that the mistake under which both parties had acted, entitled the plaintiff to be relieved

from the exchange and to be reinstated to her rights on the original policy. This view was restated by the court on a second appeal. (*Riegel* v. *American Life Ins. Co.*, 153 Pa. St. 134, [25 Atl. 1070].) It is argued by the respondent that in the Riegel case there was no consideration for the surrender by plaintiff, she being then under no obligation to pay further premiums, whereas here plaintiff was by the cancellation relieved from its existing liability to pay a premium. But this distinction does not affect the principle upon which the Riegel case was decided. As was said by the supreme court of Pennsylvania on the second appeal, ''In many cases prominence is given to failure of consideration resulting from mutual mistake or ignorance of material facts, but entire failure of consideration is not an essential ingredient in any case.''

Much stress is laid by respondent on the dealings between the plaintiff and the Norwich Union Fire Insurance Company, it being claimed that plaintiff transferred its reinsurance from the defendant to the Norwich Union, and that this conclusively shows plaintiff's intent to release defendant from any possible liability, past or future. But the covering note of the Norwich Union did not begin until January 25th, and could not cover a loss occurring on the 24th. If the plaintiff intended to substitute the new insurance for the old, such intention was based on the belief that no loss had yet occurred. And while the plaintiff subsequently applied to the Norwich Union for a policy running from January 16, 1901, the undisputed testimony shows that this application was never acted upon or accepted. Even if it could be said that the Norwich Union did reinsure fifteen hundred dollars of the risk from January 16, 1901, such reinsurance was not effected until January 29th. At that time the transactions between plaintiff and defendant had been closed, and a subsequent dealing between plaintiff and a third company could not destroy the rights vested in plaintiff upon the surrender of the covering note to defendant on January 25th.

The order appealed from is reversed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.